UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANITA BELLEFEUILLE<br><br>Plaintiff,<br><br>v.<br><br>PAYPAL, INC. a/k/a PAYPAL CREDIT and PAYPAL HOLDINGS, INC.<br><br>Defendant. | CIVIL ACTION 1:16-cv-03550<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, ANITA BELLEFEUILLE ("Anita"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, PAYPAL, INC. a/k/a PAYPAL CREDIT and PAYPAL HOLDINGS, INC. ("PayPal") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for PayPal's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227 ("TCPA"), and 28 U.S.C. §§1331 and 1337 because the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District and PayPal's conduct harmed Plaintiff in this District.

## PARTIES

5. Plaintiff Anita Bellefeuille is a consumer and natural person over 18-years-of-age who at all times relevant resided in the Northern District of Illinois.

6. Defendant PayPal is a California corporation and conducts business in the State of Illinois and has a registered agent in Illinois. Its primary business is operating a online payment system and processing payments for online merchants.

## PAYPAL'S COLLECTION CALLS TO ANITA'S CELLULAR PHONE

7. At all times relevant, Anita was the sole subscriber, owner, and operator of the cellular phone with the assigned number ending in 2307. Anita is and has always been financially responsible for the cellular phone and its services.

8. In 2007, Anita obtained a PayPal account to pay for various online purchases and incurred an alleged debt to PayPal ("subject debt").

9. At the time Anita registered for the PayPal account, she provided her contact information to PayPal, including her cellular phone number ending in 2307.

10. Anita subsequently obtained a Bill Me Later ("BML") account to pay for various online purchases.

11. BML, like PayPal, is an entity that facilitates online payments for online merchants.

12. At the time Anita opened her BML account, BML and PayPal were unrelated entities conducting the same type of business.

13. In 2008, PayPal acquired BML and began servicing BML's existing accounts, including the account held by Anita.

14. After PayPal's acquisition of BML, Anita attempted to log onto BML's website in order to pay her outstanding balance to BML. However, she was unable to do so as her account was locked due to her alleged default on the subject debt, which was allegedly owed to PayPal.

15. Anita attempted to establish a new PayPal account to pay the subject debt, but PayPal completely locked Anita out of any PayPal services until the subject debt was paid in full.

16. Starting in October 2014, PayPal began placing calls to Anita's cellular phone to collect upon the subject debt.

17. In October 2014, Anita answered the first call PayPal placed to her cellular phone and requested that PayPal cease calls to her cellular phone, thus effectively revoking any prior consent PayPal may have had to place calls to her cellular phone.

18. Notwithstanding Anita's request that PayPal cease calls to her cellular phone, between October 2014 and February 2016, PayPal placed no less than 300 phone calls to Anita's cellular phone.

19. During that time period, PayPal would often place multiple calls per day to Anita's cellular phone.

20. Anita answered no less than 10 phone calls from PayPal; during each of these calls, she again requested that PayPal cease calls to her cellular phone.

21. During the calls that Anita answered, she would say "hello," to which there would be no response for approximately 3 seconds. After the pause, a PayPal representative would introduce themselves and attempt to collect upon the subject debt.

22. During the relevant time period, Anita was employed as an overnight security guard and therefore slept during the day in order to wake up for her overnight shifts. Each time she answered a call from PayPal, she reminded PayPal of this fact.

23. PayPal called Anita from the following telephone numbers:

    i.      866-380-6583
    ii.     888-393-7165
    iii.    331-208-5296

24. Each time PayPal called Anita from a new phone number, Anita would answer the call and request that the calls cease.

25. PayPal's harassing phone calls have been highly upsetting to Anita and have significantly disrupted her life and general well-being. PayPal's persistent phone calls have resulted in harm to Anita, including but not limited to, loss of sleep, emotional distress, mental anguish, invasion of privacy, the aggravation that accompanies unsolicited telephone calls, increased usage of her cellular services, diminished cellular phone functionality, and diminished space for data storage on her cellular phone.

26. Anita has been forced to expend time and money to retain counsel as a result of PayPal's harassing calls.

### COUNT I – PAYPAL'S VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Anita restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA prohibits calling persons on their cell phone using an automatic telephone dialing system ("ATDS") without their consent. 47 U.S.C. §227(b)(1)(iii). The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

29. Upon information and belief, based on the brief pause and lack of prompt human response during the calls in which Anita answered, PayPal used a predictive dialing system to place calls to Anita's cellular phone.

4

30. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

31. "When evaluating the issue whether equipment is an ATDS, the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.' Accordingly, a system need not actually, store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir. 2009).

32. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

33. PayPal violated the TCPA by placing no less than 300 phone calls to Anita's cellular phone between October 2014 and February 2016, using an ATDS without Anita's consent. Anita revoked consent to be called on her cellular phone no less than 10 times during the calls that she answered.

34. As pled above, Anita was harmed by PayPal's collection calls to her cellular phone.

35. Pursuant to 47 U.S.C. §227(b)(3)(B), PayPal is liable to Anita for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), PayPal's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Anita is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff ANITA BELLEFEUILLE requests that this Honorable Court:

a. Declare PayPal's phone calls to Anita to be violations of the TCPA;

b. Award Anita damages of $1,500 per phone call for PayPal's willful violations of 47 U.S.C. § 227(b)(3)(B)&(C); and

c. Award any other relief this Honorable Court deems equitable and just.

## II – PayPal's Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act

36. Anita restates and reallages paragraphs 1 through 26 as through fully set forth herein.

37. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

38. Anita is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

39. Anita is a "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

40. PayPal is engaged in "commerce" in the State of Illinois with regard to Anita and the subject debt as defined by ICFA, 815 ILCS 505/1(f). PayPal specializes as an online payment processor for various merchants and charges fees for its services, which are activities within the stream of commerce and utilized in their regular course of business.

### a. Unfairness

41. It was unfair for PayPal to seek to collect the subject debt from Anita through endless phone calls to Anita's cellular phone after Anita requested that PayPal cease all telephone communications with her on at least 10 separate occasions.

42. It was unfair for PayPal to continue to contact Anita after she advised PayPal that she works overnight shifts and that the calls were disrupting her sleep.

43. It was unfair for PayPal to call Anita from different phone numbers in an attempt to disguise its identity.

44. PayPal has bullied Anita into near submission via unfair conduct through its seemingly never-ending harassing phone calls.

45. The phone harassment campaign PayPal has unleashed on Anita is against public policy, immoral, unethical, and oppressive.

46. As pled above, Anita was severely harmed by PayPal's unfair conduct.

47. Upon information and belief, PayPal systematically places harassing phone calls to Illinois consumers in order to induce payment on outstanding debts.

48. Upon information and belief, placing harassing phone calls to Illinois consumers is an unfair business practice willfully employed by PayPal and is done on a broad scale.

49. An award of punitive damages is appropriate because PayPal's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Anita and consumers, generally, and Anita had no choice but to submit to the continued harassing phone calls.

WHEREFORE, Plaintiff ANITA BELLEFEUILLE requests that this Honorable Court:

a. Enter judgment in her favor and against PayPal;
b. Award Anita her actual damages in an amount to be determined at trial;
c. Award Anita punitive damages in an amount to be determined at trial;
d. Award Anita her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: March 23, 2016                              Respectfully Submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan, Esq. ARDC#6299011
*Counsel for Plaintiff*
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630) 575-8181
Fax (630) 575-8188